**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RONALD W. MCCORD,
<u>Plaintiff-Appellant,</u>

v.
                                         No. 96-2264
SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
David L. Core, Magistrate Judge.
(CA-94-159-2)

Submitted: March 13, 1997

Decided: March 21, 1997

Before HALL, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard Paul Cohen, COHEN, ABATE, & COHEN, L.C., Fairmont,
West Virginia, for Appellant. James A. Winn, Robert S. Drum,
SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylva-
nia; William D. Wilmoth, United States Attorney, Helen Campbell
Altmeyer, Assistant United States Attorney, Wheeling, West
Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ronald W. McCord appeals the decision of the district court* granting summary judgment to the Commissioner of Social Security, and upholding the denial of McCord's application for disability insur-
ance benefits and Supplemental Security Income. The Commission-
er's decision denying benefits is based upon the finding that McCord
could perform sedentary work of types which existed in significant numbers in the national economy, and thus was not disabled under the
Social Security Act. Because we find that the Commissioner's deci-
sion is supported by substantial evidence, and that the correct law was
applied, we affirm.

McCord filed his application for social security disability benefits
claiming disability as of December 15, 1979, from high blood pres-
sure, a learning disability and an artificial left leg below the knee. A
hearing was held before an administrative law judge (ALJ) on June 10, 1992, and continued on May 6, 1993. After a thorough review of the hearing testimony by McCord and his witnesses, a vocational expert, and the relevant medical evidence, the ALJ determined that McCord could perform sedentary work of types which exist in signifi-
cant numbers in the national economy, and that McCord's impair-
ments were not disabling for purposes of the Social Security Act.

McCord's basic claim on appeal is that the ALJ's decision is not supported by substantial evidence. He specifically claims that the ALJ
erred in: (1) rejecting the only verbal MMPI and the only memory testing which appear in the record; (2) not questioning Dr. Plummer as to whether McCord's memory impairments would limit his ability

_____
*Pursuant to 28 U.S.C. § 636(c) (1994) and Fed. R. Civ. P. 73, the par-
ties consented to have a magistrate judge conduct the proceedings and
order the entry of a final judgment.

2

to perform sedentary work; (3) not ruling on McCord's request to cross-examine Dr. Ledwell, and further erred in then relying on Dr. Ledwell's findings; (4) applying, in effect, the equivalent of an imper-
missible "sit and squirm" test by evaluating the extent of McCord's memory impairment by McCord's performance at the hearing; (5) ignoring crucial evidence favorable to McCord; and (6) evaluating McCord's allegation of pain.

The language of 42 U.S.C.A. § 405(g) (West Supp. 1996), requires that this Court uphold the Commissioner's decision that a claimant is
not disabled so long as the correct law was applied and the decision
is supported by substantial evidence. Hays v. Sullivan, 907 F.2d 1453,
1456 (4th Cir. 1990). The Supreme Court has defined substantial evi-
dence as "`such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "consists of more than a
mere scintilla of evidence but may be somewhat less than a prepon-
derance. If there is evidence to justify a refusal to direct a verdict
were the case before a jury, then there is `substantial evidence.'" Hays
v. Sullivan, 907 F.2d at 1456 (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). This Court will not reweigh the evidence or substitute its judgment for that of the ALJ. Hays, 907 F.2d at 1456.

After considering McCord's claims on appeal and a review of the record, we find that the ALJ properly evaluated the evidence in this
case, including McCord's subjective complaints, and made appropri-
ate credibility and factual findings in accordance with relevant regula-
tory criteria and Fourth Circuit case law. In reaching this conclusion,
we specifically find that the ALJ properly considered all relevant evi-
dence as to McCord's claimed memory deficit, including the opinions of Dr. Franzen as to McCord's memory deficit and McCord's recall ability at the hearing. In addition, we find that the ALJ did not violate
McCord's due process rights as to Drs. Plummer and Ledwell's opin-
ions. We find that the ALJ properly considered all relevant evidence,
including the evidence favorable to McCord, weighed conflicting evi-
dence, and fully explained the factual basis for his resolutions of

con-
flicts in the evidence. Finally, we find that the ALJ's evaluation of
McCord's allegation of pain complied with applicable social security
regulations.

3

While there was some evidence supporting McCord's claim of disability, because the Commissioner applied the correct legal standards, and the decision is supported by substantial evidence, we affirm the district court's order upholding the Commissioner's denial of McCord's application for social security disability benefits. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4